UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                        18-CV-1183
v.                                                      (GTS/CFH)

$10,000 in U.S. CURRENCY; $10,001 in U.S.
CURRENCY; and $1,233 in U.S. CURRENCY,

                         Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

HON. ANTOINETTE T. BACON                                 ADAM J. KATZ, ESQ.
Acting U.S. Attorney for the Northern District of New York    Assistant U.S. Attorney
   Counsel for the Government
445 Broadway, Room 218
Albany, NY 12207

KEISHA ROBINSON
   Claimant, *Pro Se*
348 South 9th Avenue
Mount Vernon, NY 10550

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *in rem* civil forfeiture action filed by the United States

("Plaintiff") against ten-thousand dollars ($10,000) in U.S. currency, ten-thousand and one

dollars ($10,001) in U.S. currency, and one-thousand, two hundred and thirty three dollars

($1,233) in U.S. currency ("Defendant Currency"), is Plaintiff's motion to strike the Amended

Claim and Answer of Keisha Robinson ("Claimant") and for an entry of a Final Order of

1

Forfeiture with regard to Defendant Currency.  (Dkt. No. 43.)  For the reasons stated below, Plaintiff's motion is granted.

## I.     RELEVANT BACKGROUND

### A.     Summary of Plaintiff's Complaint and Claimant's Claim, Amended Claim and Answer

On March 4, 2018, Defendant Currency was seized from the vehicle and home of Cleveland Francis ("Francis") in Mount Vernon, New York.  (Dkt. No. 1, at ¶¶ 17-19, 42-43 [Plf.'s Compl.].)  On October 1, 2018, Plaintiff brought this action to forfeit and condemn Defendant Currency to the use and benefit of the United States pursuant to 21 U.S.C. § 881 and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").  (*Id.* at 1.)  In support of its Complaint, Plaintiff alleges that Defendant Currency constituted the proceeds of illegal drug sales made by Francis. (*Id.* at ¶ 46.)

On November 8, 2018, Claimant filed a Claim and an Answer in this action.  (Dkt. Nos. 11-12.)  After being informed that her claim was deficient, Claimant filed an Amended Claim on November 20, 2018.  (Dkt. No. 26.)  In both her Claim and Amended Claim, Claimant challenges the forfeiture on her own behalf as an innocent owner, and on behalf of Francis (her husband).  (*See generally* Dkt. Nos. 11, 26.)

Familiarity with the remaining factual allegations supporting Plaintiff's Complaint and Claimant's Claim, Amended Claim and Answer is assumed in this Decision and Order, which is intended primarily for review by the parties.

### B.     Summary of Parties' Briefing of Plaintiff's Motion

Generally, in support of its motion, Plaintiff argues that Claimant's Amended Claim and Answer should be stricken for the following three reasons: (1) Claimant does not have standing

2

to claim Defendant Currency because she concedes that the funds belong to her husband and that she is not an owner of them, and thus she lacks a specific legal interest in Defendant Currency; (2) Claimant, as a *pro se* litigant, cannot represent her husband's interests in this case; and (3) Claimant has failed to follow Court Orders and meaningfully participate in this case by (a) failing to respond to proposed scheduling orders by both email and certified mail, (b) failing to respond to Plaintiff to review discovery on proposed dates, (c) failing to respond to emails to schedule a phone conference to discuss possible resolution of this action, and (d) providing last-minute notice of her inability to participate in two separate Court scheduled settlement conferences.  (Dkt. No. 43, Attach. 1, at 6-13.)

Generally, liberally construed, Claimant's opposition to Plaintiff's motion asserts the following nine arguments: (1) Claimant can represent Francis as a *pro se* litigant because he signed a Power of Attorney that grants her the ability to "handle" his claims and litigations, and "18 U.S.C. 983(3)(iv)" [sic] allows for a person to assert a claim of seized property where the "claimant acquired his or her interest in the property through marriage"; (2) the claim for $21,234 of Defendant Currency is meritorious because Claimant provided evidence of her and Francis' income, wired funds, advance checks, and credit card statements to account for the total value of Defendant Currency and demonstrate that Defendant Currency are funds shared jointly through Claimant and Francis' marriage; (3) Defendant Currency located at Claimant's home in Mount Vernon, New York, was seized with an expired search warrant, while the remaining Defendant Currency was seized without a search warrant; (4) Claimant timely responded to Court documents, including those regarding her inability to attend the October 2019 settlement conference; (5) Claimant's discovery demands were not met because no evidence was mailed to

3

her home address, she is located more than three hours away from the courthouse in Albany, New York, and her method of transportation was limited because the DEA seized and held onto her vehicle for more than sixteen months; (6) Plaintiff and Magistrate Judge Hummel incorrectly characterized Claimant's telephone number as not working, despite Claimant providing multiple telephone numbers; (7) although Claimant was traveling for work during the October 2019 proposed settlement conference date, she was willing to participate in a settlement conference and even provided suggested dates, which were ignored; (8) Claimant is not disregarding the Court because she responded to all settlement conference requests; and (9) the Southern District of New York is the correct forum for this action, not the Northern District of New York.[1] (*See generally* Dkt. No. 47.)

Generally, in reply to Claimant's opposition memorandum, Plaintiff repeats its original arguments, and also argues that Francis should not be permitted to file a late claim because he failed to file a claim to Defendant Currency despite receiving notice of this action in 2018 that the deadline to file a claim in this forfeiture action expired on December 4, 2018. (*See generally* Dkt. No. 50.)

---

[1]     The Court notes that Claimant also attempts to argue that Defendant Currency seized from Claimant's home was incorrectly attributed to Dennis Jones based on how the seized currency was packaged and stored. (Dkt. No. 47, at 12-13.) Although Claimant raises questions about how Defendant Currency is attributed to Jones due to the storage of the seized funds, she fails to expand on her argument beyond raising general questions. (*Id.*) Because Claimant merely raises general questions about Plaintiff's reasoning relating to the facts of this case, without advancing any semblance of a concrete argument, the Court finds this argument to be improper and therefore disregards it.

## II.    RELEVANT LEGAL STANDARD

Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, "the government may move to strike a claim or answer" at "any time before trial" because "the claimant lacks standing." Supp. R. G(8)(c)(i)(B). This action "may be presented as a motion for judgment on the pleadings . . . ." Supp. R. G(8)(c)(ii)(B). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[2]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-82 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  550 U.S. 544 (2007).  In doing so, the Court "retire[d]" the famous statement by the

---

[2]      *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561-62. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*. at 678, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[3]

---

[3]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d. Cir. 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court

## III.   ANALYSIS

After carefully considering whether Plaintiff is entitled to strike the Amended Claim and

Answer of Claimant, the Court answers this question in the affirmative for the reasons stated in

Plaintiff's memoranda of law.  (*See generally* Dkt. No. 43, Attach. 1; Dkt. No. 50.)  To those

reasons, the Court adds the following analysis, which is intended to supplement, not supplant,

Plaintiff's reasoning.

### A.   Whether Claimant Has Article III Standing to Claim Defendant Currency

After carefully considering the matter, the Court answers this question in the negative for

the reasons stated in Plaintiff's memoranda of law.  (Dkt. No. 43, Attach. 1.)  To those reasons,

the Court adds the following analysis, which is intended to supplement, and not supplant,

Plaintiff's reasoning.

"In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil

Asset Forfeiture Reform Act of 2000 ('CAFRA')."  *United States v. Vazquez-Alvarez*, 760 F.3d

---

may neverless consider it where the complaint relies heavily upon its terms and effect, thereby
rendering the document 'integral' to the complaint. . . .  However, even if a document is
'integral' to the complaint, it must be clear on the record that no dispute exists regarding the
authenticity or accuracy of the document.  It must also be clear that there exist no material
disputed issues of fact regarding the relevance of the document.") [internal quotation marks and
citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The
complaint is deemed to include any written instrument attached to it as an exhibit or any
statements or documents incorporated in it by reference.") (internal quotation marks and citations
omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per
curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a
[document] upon which it solely relies and which is integral to the complaint," the court may
nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss,
without converting the proceeding to one for summary judgment.") (internal quotation marks and
citation omitted).

193, 197 (2d Cir. 2014).  "In order to contest a governmental forfeiture action, claimants must

have both standing under the statute or statutes governing their claims and standing under Article

III of the Constitution as required for any action brought in federal court.  *United States v.*

*Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).  "To establish statutory standing, a

claimant asserting rights in property that has been seized and that is the subject of a forfeiture

action *in rem* must file a verified claim within ten days after process has been executed, unless

the court grants an extension."  *Cambio Exacto*, 166 F.3d at 526 (citing Supplemental Rules for

Certain Admiralty and Maritime Claims, Rule C([6]).  To establish Article III standing, a

claimant must demonstrate (1) an injury-in-fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that can likely be redressed by a favorable decision.  *Mantena*

*v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015).  "The [claimant] . . . bears the burden 'clearly to

allege facts [in his complaint] demonstrating that he is a proper party to invoke judicial

resolution of the dispute.'"  *Steinberger v. Lefkowitz*, 634 F. App'x 10, 11 (2d Cir. 2015)

(quoting *Warth v. Seldin*, 422 U.S. 490, 518 [1975]); *Mercado v. U.S. Customs Serv.*, 873 F.2d

641, 644 (2d Cir. 1989).  The plaintiff must also show that she has "prudential standing," which

includes a "general prohibition on a litigant's raising another person's legal rights."  *Keepers, Inc.*

*v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015).  Rather, the plaintiff must have been injured

"in a personal and individual way" in order to have standing.  *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560 n.1 (1992).  "'The party invoking federal jurisdiction bears the burden of

establishing' prudential and constitutional standing."  *Keepers, Inc.*, 807 F.3d at 39.

In addition to statutory and Article III standing, a "claimant also bears the burden of

proving by a preponderance of the evidence that she is an 'innocent owner' of the property, 18

U.S.C. § 983(d)(1), as defined by the statute in sections 983(d)(2)-(3)."  *United States v. Real Prop. Located at 229 Potter Rd., N. Kingstown, R.I.*, 91 F. Supp. 3d 303, 306 (D. Conn. 2015) ("*Potter Road*").  Although the Second Circuit has not yet expressly called for a claimant to demonstrate an ownership or possessory interest in the seized or forfeited property, *Cambio Exacto*, 166 F.3d at 257, district courts within the Circuit have routinely required claimants to establish a possessory or ownership interest in the specific forfeited property to show Article III standing.  *See, e.g.*, *Potter Road*, 91 F. Supp. 3d at 306; *United States v. Angelo*, 344 F. Supp. 2d 360, 372 (E.D.N.Y. 2004); *United States v. One Red 2003 Hummer H2 VIN: 5GRGN23U93H118675*, 234 F. Supp. 3d 415, 419 (W.D.N.Y. 2017); *United States v. PokerStars*, 11-CV-2564, 2012 WL 1659177, at *2 (S.D.N.Y. May 9, 2012).

Forfeiture statutes define the term "owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest."  18 U.S.C. § 983(d)(6)(A).  "Ownership and possessory interests are in turn defined by state law."  *PokerStars*, 2012 WL 1659177, at *2. However, persons with general unsecured interests (general creditors) are explicitly excluded from the definition of "owner."  18 U.S.C. § 983(d)(6)(B)(i).  General creditors do not possess a "legal right, title, or interest in the property" in forfeiture proceedings, *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007), because an "interest 'in' property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account."  *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997).

As an initial matter, the Court finds that Claimant has established statutory standing with respect to her interests in this action for the reasons stated in her opposition papers.  The Court therefore must assess whether Claimant has Article III standing.

Claimant argues that she has an ownership interest in Defendant Currency because the earned income between Claimant and Francis was shared jointly throughout their marriage. (Dkt. No. 47, at 11-12.)  However, even if Claimant can demonstrate that she lent Defendant Currency to Francis, she is still classified as a general unsecured creditor.  Although a claimant can pursue a property interest acquired through marriage as an innocent owner, 18 U.S.C. § 983(d)(3)(B)(iv), "marital status, in and of itself, is insufficient to confer standing on one spouse to challenge the forfeiture of an account held in the name of another spouse." *United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338*, 617 F. Supp. 2d 103, 118 (E.D.N.Y. 2007) ("*Citigroup*").  "The mere fact that an individual is related to a property owner in no way conveys the type of ownership or possessory interest that is sufficient to establish standing." *Citigroup*, 617 F. Supp. 2d at 118.  The evidence Claimant attempts to rely on to establish her claim to Defendant Currency merely demonstrates a general unsecured interest in Defendant Currency.  Claimant fails to produce a lien, or valid security interest that refers to Defendant Currency; instead, she produces loans and proposed testimony that merely establishes a general interest in Defendant Currency.  (*See generally* Dkt. No. 47, Attach. 1.)

Moreover, Claimant's choice of language suggests that the injury of the seized assets was suffered by Francis.  In particular, Claimant repeatedly concedes that Defendant Currency was in Francis' name.  (Dkt. No. 13, at ¶ 12; Dkt. No. 47, at 10.)  Although Claimant may have a claim of reimbursement against Francis, she admits to not having an ownership or possessory interest

in the funds themselves, which demonstrates her lack of standing to claim those funds. Therefore, Claimant's "naked claim of possession" does not impart Article III standing. *Cambio Exacto*, 166 F.3d at 527.

In addition to her failure to satisfy the injury-in-fact prong of standing, Claimant fails to demonstrate that her injury would be redressed by a successful challenge to Defendant Currency. Should Claimant successfully challenge the seizure of Defendant Currency, the result would be a return of Defendant Currency to Francis, not to Claimant. *Cambio Exacto*, 166 F.3d at 528-29. Accordingly, Claimant also fails to demonstrate a personal redressability in this action.[4]

For all of these reasons, the Court concludes that Claimant lacks Article III standing to bring this action against Plaintiff.

### B.   Whether, in the Alternative, Claimant Can Represent Cleveland Francis' Interests in this Action as His Attorney-in-Fact

In the alternative, Claimant argues that she can represent Cleveland Francis' interest in this action because Francis provided a Power of Attorney that stipulates that Claimant can handle "claims and litigations." (Dkt. No. 47, Attach. 1, at 2-6.) After carefully considering the matter, the Court finds that Claimant cannot represent Francis' interests in this action for the reasons stated in Plaintiff's memoranda of law. (Dkt. No. 43, Attach. 1.) To those reasons, the Court adds the following analysis, which is intended to supplement, and not supplant, Plaintiff's reasoning.

Where "a claimant has made a sufficient showing of interest in the property through filing with the court a motion and accompanying affidavits, technical noncompliance with the

---

[4]      Because Claimant does not have standing to pursue this action, her motion to compel (Dkt. No. 46) is denied as moot.

procedural rules governing the filing of claims may be excused. *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir. 1989). Although courts look to ownership and possession when determining a claimant's standing to challenge a forfeiture because "they are often reliable indicators of injury that occurs when property is seized," "it is the injury to the party seeking standing that remains the ultimate focus." *Cambio Exacto*, 166 F.3d at 527. Generally, strict compliance with the Supplemental Rules is required, *United States v. Amiel,* 995 F.2d 367, 371 (2d Cir.1993), and a claimant's failure to comply with the procedural filing requirements may result in a loss of standing to contest a claim. *United States v. Premises & Real Prop. with all Bldgs., Appurtenances, Improvements, Located at 509 Raspberry Patch Drive, Rochester, N.Y.*, 116 F. Supp. 3d 190, 193 (W.D.N.Y. 2015).

In this case, contrary to Claimant's argument, the Second Circuit has repeatedly found that "a person may not appear on another person's behalf in the other's cause" because "*pro se* "means to appear for one's self." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Lipsman v. New York City Bd. of Educ.*, 13 F. App'x. 13, 1 (2d Cir. 2000). "This right to proceed personally . . . does not extend to the case where a litigant seeks to represent the interest of another." *Thomas v. Martin-Gibbons*, 2020 WL 5026884, at *5 (S.D.N.Y. Aug. 25, 2020) (citing *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 [2d Cir. 1990]). Because Claimant fails to rebut Second Circuit precedent, the Court finds that Claimant cannot represent Francis' interests in this forfeiture action.

In the alternative, the Court relies on the fact that Francis' Power of Attorney was signed and notarized on April 4, 2019. (Dkt. No. 47, Attach 1. at 6.) Although Plaintiff sent notices to Francis about its intent to pursue a forfeiture action on April 25, and April 30, 2018, Plaintiff did

not commence this action until October 1, 2018.  (*See generally* Dkt. No. 1; Dkt. No. 50, at 4.)

Francis was provided with notice of this forfeiture action.  (*See generally* Dkt. No. 2; Dkt. No.

50, Attach. 1, at ⁋ 10.)  Thus, Francis had thirty-five days from the date notice was sent to file a

claim.  Supp. R. G(5)(a)(ii)(B).  Even if the Court were to extend the thirty-five-day timetable

from when Francis received the notice (instead of when notice was first sent), he had until

December 4, 2018, to file a claim.  (Dkt. No. 50, Attach. 1, at ⁋ 10.)  As of the date of this

Decision and Order, Francis has not filed a claim in this action.  (*See generally* Docket Sheet.)

Instead, Claimant seeks to assert Francis' interest through a Power of Attorney, which was

executed on April 4, 2019.  (Dkt. No. 47, Attach. 1, at 2-6.)  Because Francis did not have a valid

interest in this forfeiture action when Claimant submitted a Power of Attorney, Claimant cannot

assert a claim on behalf of Francis. Accordingly, Claimant's argument that she should be able to

represent Francis' interests in this action are moot because Francis has no interest in this

forfeiture action due to his failure to timely file a Claim and Answer.

     For all of these reasons, the Court finds that Claimant cannot represent Francis' interests

in this forfeiture action.

### C.   Whether the Court Should Strike the Amended Claim and Answer of Claimant for Failure to Meaningfully Participate in this Action

     After carefully considering the matter, the Court answers the question in the affirmative

for the reasons stated in Plaintiff's memoranda of law.  (Dkt. No. 43, Attach. 1.)  To those

reasons, the Court adds the following analysis, which is intended to supplement, and not

supplant, Plaintiff's reasoning.

     In this case, Claimant, despite being scheduled approximately one month in advance of

the settlement conference, first responded to inform opposing counsel and the Court that she

15

would be unable to attend merely four days prior.  (Dkt. No. 43, Attach. 1, at 12-13.)  After being

rescheduled, Claimant did not inform the Court until the day before that she would be unable to

attend. (*Id.*)  Although the Court is certainly sympathetic with Claimant's plight (navigating

multiple *pro se* lawsuits in multiple districts while working and raising two minor children) (*see*

*generally* Dkt. No. 47), this does not excuse her failure to timely communicate with opposing

counsel or the Court, particularly when opposing counsel has attempted to contact Claimant

through several methods (including email, phone calls, and certified mail) to schedule discovery

and settlement conferences.  (Dkt. No. 43, Attach. 4-6.)

     For all of these reasons, the Court finds that Claimant's Amended Claim and Answer

should be stricken due to her failure to meaningfully participate in this action.

     **ACCORDINGLY**, it is

     **ORDERED** that Claimant's motion to compel (Dkt. No. 46) is **DENIED as moot**; and it

is further

     **ORDERED** that Plaintiff's motion to strike (Dkt. No. 43) is **GRANTED,** Claimant's

Amended Claim (Dkt. No. 26) and Answer (Dkt. No. 13) are **STRICKEN**, and a Final Order of

Forfeiture with regard to Defendant Currency shall be issued.

Date:   September 28, 2020
        Syracuse, New York

                            Glenn T. Suddaby
                            Chief U.S. District Judge